IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Flordeliza A. Hawkins, | Case No. 8:18-cv-00178-DCC |
| Plaintiff, | |
| v. | **ORDER** |
| Suntrust Bank, South Carolina Department of Social Services, Anderson County Sheriff's Office, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motions for Summary Judgment [76, 77], Defendant Suntrust Bank's Motion to Dismiss [33], and Defendants South Carolina Department of Social Services ("SCDSS") and Anderson County Sheriff's Office's ("ACSO") Motion to Dismiss [38]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On May 25, 2018, the Magistrate Judge issued a Report recommending that Plaintiff's Motions for Summary Judgment be denied as premature, and on August 10, 2018, she recommended that Defendants' Motions to Dismiss be granted. ECF Nos. 83, 99. No party filed objections to the first Report; Plaintiff filed objections to the second Report, Defendant Suntrust Bank filed a Reply, Plaintiff filed a supplement, and Defendants SCDSS and ACSO filed a Reply. ECF Nos. 103, 104, 106, 108.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

With respect to Defendant Suntrust Bank's Motion to Dismiss, the Magistrate Judge recommends granting the Motion because Plaintiff is seeking to disturb a final state court order, which is barred by the *Rooker-Feldman* doctrine. ECF No. 99. As stated by the Magistrate Judge, Plaintiff appears to contest the Master's Order and Judgment of

Foreclosure and Sale ("the Foreclosure Order") entered by the Anderson County Master in Equity and filed on April 17, 2012.[1]  ECF No. 33-2.

Regarding Defendant SCDSS and ACSO's Motion to Dismiss, the Magistrate Judge also recommends granting this Motion pursuant to the *Rooker-Feldman* doctrine. ECF No. 99.  She determined that, in Plaintiff's allegations against Defendant ACSO, Plaintiff appears to contest the same Foreclosure Order and an order from the Anderson County Family Court ("the Family Court Order") but Plaintiff only challenges the actions of SCDSS with respect to the Family Court Order.[2]

In her objections, Plaintiff maintains that Defendants violated her constitutional rights.  ECF No. 103.  She asserts that this case should proceed in the interest of justice. *Id.*  In her supplement, she clarifies that she is seeking $3,000,000 in total.

The Court notes that Plaintiff fails to address the merits of the Magistrate Judge's conclusions; however, because she filed objections and in light of her pro se status, the Court has conducted a de novo review of this matter.[3]  In her Complaint, Plaintiff requests

---

[1] The Magistrate Judge also states that Defendant Suntrust Bank's Motion should be granted because Plaintiff's present claims are barred by res judicata.  ECF No. 99 at 11 n. 7.  The Court need not reach this argument.

[2] The Magistrate Judge also found that Defendants SCDSS and ACSO are entitled to Eleventh Amendment immunity in their official capacities.  For the reasons stated in the Report, the Court agrees that these Defendants are entitled to immunity in their official capacities pursuant to the Eleventh Amendment.

[3] The Court notes that the Magistrate Judge denied Plaintiff's Motion to Amend the Complaint but stated that she considered Plaintiff's exhibit in evaluating the Motions to Dismiss.  ECF No. 99 at 2 n. 3.  The Court has also reviewed Plaintiff's exhibit in making this ruling.  *See* ECF No. 87-1.

that this Court undo the Foreclosure Order and return the foreclosed upon property to Plaintiff's possession and ownership. ECF No. 1 at 4. She further requests that this Court review the Family Court Order and find that Defendants SCDSS and ACSO violated Plaintiff's rights when they called the rescue squad and placed her husband in emergency SCDSS custody even though Plaintiff was his power of attorney. ECF Nos. 1 at 4; 1-1.

The *Rooker-Feldman* doctrine constrains the Court from conducting any such review. The doctrine, precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "[I]f in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker-Feldman* is implicated, [and] [t]he doctrine applies not only to matters directly addressed by the state court, but also to claims which are inextricably intertwined with state court decisions." *Smalley v. Shapiro & Burson, LLP*, 526 F. Appx. 231, 236 (4th Cir. 2013) (internal citations omitted). The Court finds that the *Rooker-Feldman* doctrine is applicable to the facts in this case. *See Parker v. Spencer*, No. 4:13-cv-00430-RBH, 2015 WL 3870277 (D.S.C. June 23, 2015) (holding that the *Rooker-Feldman* doctrine precluded federal review of a state court judgment of foreclosure); *Niblock v. Perry*, No. 3:16-cv-1644, 2018 WL 1448685, at *2 (D.S.C. Mar. 23, 2018) (holding that the *Rooker-Feldman* doctrine precluded federal review of a state family court order regarding emergency custody of minor children).

**CONCLUSION**

Accordingly, the Court adopts the Reports of the Magistrate Judge and overrules Plaintiff's objections. Defendant Suntrust Bank's Motion to Dismiss [33] is **GRANTED**, Defendants SCDSS and ACSO's Motion to Dismiss [38] is **GRANTED**, and Plaintiff's Motions for Summary Judgment [76, 77] are **DENIED** as premature. Defendant Suntrust Bank's Motion for Extension of Time [81] is **MOOT**. Plaintiff's Motion [111] is **MOOT** because, as stated in this Order, the Court has conducted a de novo review.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

October 15, 2018
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.